IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MANUAL MADRIGAL,

    Petitioner,

    v.

R. GROUNDS, Warden,

    Respondent.

No. C-10-5747 TEH (PR)

ORDER GRANTING MOTION TO DISMISS

Doc. #5

Petitioner, a state prisoner currently incarcerated at Correctional Training Facility ("CTF") in Soledad, proceeding pro se, has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of disciplinary proceedings against him. Respondent has filed a motion to dismiss the petition on the grounds that the claim does not state a cognizable basis for federal habeas relief. Petitioner has filed an opposition. Respondent did not file a reply. For the reasons discussed below, respondent's motion to dismiss is GRANTED. Doc. #5.

I

In 1990, Petitioner was sentenced to an indeterminate sentence of 25 years to life. Doc. #5, Exh. 2. His minimum

eligible parole date was April 28, 2007. Doc. #5, Exh. 3. In this petition, petitioner challenges a prison disciplinary hearing at CTF in 2008 which resulted in a guilty finding for distribution of a controlled substance. Doc. #5, Exh. 1 at 1. Petitioner was assessed 180 days of credit loss, 90 days of lost yard and activity privileges, one year of no visiting, two years of no-contact visiting, and one-year of drug testing. Id. Due to an administrative error, petitioner was ultimately assessed zero days of credit loss. Id.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006). Where the prisoner's claim would spell "'immediate or speedier release'" from confinement, habeas is the proper avenue to relief. Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). "Habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

Habeas is not the proper avenue of relief for petitioner's claim because he lost no time credits. The guilty finding did not affect the fact or duration of his custody. Moreover, petitioner is serving an indeterminate life sentence and his minimum eligible

parole date ("MEPD") has passed. In this situation, losing time credits would not push back petitioner's release date or the date of his parole eligibility. If petitioner were serving a determinate sentence, his claim would be cognizable in habeas because loss of credits would have pushed back his release date, and success on his claim would necessarily shorten his time in custody. Or, if petitioner had not yet reached his MEPD, such a claim might be cognizable in habeas because loss of time credits would push back the first date he would be eligible for parole and possibly obtain a release date. Here, even if he had been assessed loss of time credits, success on his claim would not "necessarily shorten" his sentence, see id., and habeas jurisdiction is therefore absent.

Petitioner argues that the disciplinary finding implicated the duration of his custody because it was used as a basis for denying him parole in July 2011. However, in California, there is no state law requiring that parole be denied because of a disciplinary violation. See 15 Cal. Code Regs. § 2402(b)-(c). Misconduct in prison is one of many factors that determines parole suitability. Id. In fact, the transcript of the parole hearing indicates that, in denying petitioner parole, the parole board relied on various factors outside of the 2008 possession of a controlled substance: an October 4, 2007, rules violation for possession of a cellphone; a September 27, 2008, rules violation for delaying a peace officer with performance of their duties, involving "a racial melee that [was] eerily similar to the life crime;" a 128A counseling chrono; false statements made to prison psychologists which impacted the board's assessment of petitioner's credibility, and the rate and

3

extent of petitioner's institutional adjustment. Doc. #10, Exh. 1. Petitioner's claim that the November 14, 2008 disciplinary violation affected the length or duration of his confinement is speculative. Even if this Court were to vacate Petitioner's disciplinary violation, he might still have been denied parole on the other grounds listed above, and therefore success on his claim would not "necessarily shorten" his sentence. See Ramirez, 334 F.3d at 859. See also Sandin v. Conner, 515 U.S. 472, 487 (1995)(finding that the possibility of a denial of parole on the basis of disciplinary findings is too speculative where there are a host of other factors that inform a parole determination).

There is no habeas jurisdiction over Plaintiff's claim, but he may bring his claim in a civil rights action filed under 42 U.S.C. § 1983. See id.

II

For the foregoing reasons and for good cause shown, respondent's motion to dismiss (Docket No. 5) is GRANTED and the action is hereby DISMISSED.

The Clerk shall enter judgment in favor of respondent, terminate Docket No. 5, deny any pending motions as moot, and close the file.

IT IS SO ORDERED.

DATED   *02/14/2012*  

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.10\Madrigal-10-5747-grant-mtd.wpd

**4**